UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:25-CV-00051-FDW

| | |
|---|---|
| THOMAS JEAN LUC BEDARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 6), and Defendant's Motion for Summary Judgment (Doc. No. 7). Plaintiff,[1] through counsel, seeks judicial review of an unfavorable administrative decision on her application for Supplemental Security Income.

This matter has been fully briefed and is ripe for review. Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, Plaintiff's Motion for Summary Judgment is **GRANTED;** and the Commissioner's decision is **VACATED** and **REMANDED** for further proceedings consistent with this **ORDER**.

I. BACKGROUND

On August 4, 2022, Plaintiff filed a Title XVI application for supplemental security income. (Tr. 17). The application alleged disability beginning March 20, 2019, which was later amended to August 4, 2022 (Tr. 281). After her application was denied initially and upon reconsideration, Plaintiff requested a hearing by an Administrative Law Judge ("ALJ"). The ALJ

---

[1] Plaintiff is a transgender individual and uses "she/her" pronouns. When referring to Plaintiff, the Court will use her preferred pronouns.

held a hearing at which Plaintiff appeared and testified on September 24, 2024, after which the ALJ issued an unfavorable decision on October 3, 2024, finding Plaintiff not disabled during the relevant period. (Tr. 17-30).

During the five-step sequential evaluation process for determining whether an individual is disabled under the Social Security Act, the ALJ found at step one Plaintiff had not engaged in substantial gainful activity since August 4, 2022. (Tr. 19). At step two, the ALJ found Plaintiff to have the following severe impairments: "major depressive disorder and generalized anxiety disorder." (Id.). At Step three the ALJ determined that none of Plaintiff's impairments, nor any combination thereof, met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 21). Before proceeding to step four, the ALJ found Plaintiff

> ha[d] the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she is limited to simple, routine tasks performed two hours at a time followed by regular breaks; she can understand, remember, and carry out simple instructions requiring only simple work-related decisions and occasional changes in the work setting or work methods; she cannot perform specific production-rate work with assembly lines or hourly quotas; and she can tolerate occasional interaction with the public.

(Tr. 22).

The ALJ determined at step four that Plaintiff could not perform her past relevant work as a short order cook because the mental demands of the past job exceed her residual functional capacity ("RFC"). (Tr. 28-29). However, at step five, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform, such as hand packager, laundry worker, and kitchen helper. (Tr. 29). As a result, the ALJ concluded Plaintiff was not disabled, as defined under the Social Security Act, from August 4, 2022, through the date of the ALJ's decision. (Tr. 30). Plaintiff's subsequent request for review was denied, and as a result, the ALJ's decision became the final decision of the Commissioner. (Tr. 1-6). Plaintiff has exhausted all administrative remedies and now appeals to this Court pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richard v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The district court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). The court must uphold the decision of the Commissioner, even in instances where the reviewing court would have come to a different conclusion, so long as the Commissioner's decision is supported by substantial evidence. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (alteration and internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted). The Court does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," we defer to the ALJ's decision. Johnson, 434 F.3d at 653.

"In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to past relevant work and adjustment to other work." Flesher v. Berryhill, 697 F. App'x 212 (4th Cir. 2017) (per curiam) (citing 20

3

C.F.R. §§ 404.1508, 404.1520(g)). In evaluating a disability claim, the Commissioner uses a five-step process. 20 C.F.R. § 404.1520. Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.2d 176, 179–80 (4th Cir. 2016).

"If the claimant fails to demonstrate she has a disability that meets or medically equals a listed impairment at step three, the ALJ must assess the claimant's residual functional capacity ("RFC") before proceeding to step four, which is 'the most [the claimant] can still do despite [her physical and mental] limitations [that affect h[er] ability to work].'" Lewis, 858 F.3d at 861–62 (quoting 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)). In Lewis, the Fourth Circuit explained the considerations applied before moving to step four:

> [The RFC] determination requires the ALJ to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." Mascio, 780 F.3d at 636 (internal quotation marks omitted); see also SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). Once the function-by-function analysis is complete an ALJ may define the claimant's RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1. See generally 20 C.F.R. §§ 404.1566, 416.967 (defining "sedentary, light, medium, heavy, and very heavy" exertional requirements of work).

> When assessing the claimant's RFC, the ALJ must examine "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware," 20 C.F.R. §§ 404.1525(a)(2), 416.925(a)(2), "including those not labeled severe at step two." Mascio, 780 F.3d at 635. In addition, he must "consider all [the claimant's] symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence,"

4

20 C.F.R. §§ 404.1529(a), 416.929(a). "When the medical signs or laboratory findings show that [the claimant has] a medically determinable impairment(s) that could reasonably be expected to produce [her] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [her] symptoms limit [her] capacity for work." 20 C.F.R. §§ 404.1529(c)(1).

Lewis, 858 F.3d at 862.

Proceeding to step four, the burden remains with the claimant to show he or she is unable to perform past work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015). If the claimant meets their burden as to past work, the ALJ proceeds to step five.

"At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." [Mascio, 780 F.3d at 635 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429)]. "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations."

Monroe, 826 F.3d at 180 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429).

If the Commissioner meets this burden in step five, the claimant is deemed not disabled and the benefits application is denied. Id.

### III. ANALYSIS

Plaintiff identifies one assignment of error on appeal: "the ALJ erred in failing to explain the omission of an RFC limitation to '1-3 step instructions' despite concluding that the opinion of the state agency psychological consultant Hsiao Wen Wang, Ph.D. was 'generally persuasive.'" (Doc. No 6, p. 7).

A proper RFC analysis has three components: (1) all relevant evidence considered under the correct legal standard, (2) an accurate and logical explanation of how the evidence supports the ALJ's findings, and (3) conclusion. See Thomas v. Berryhill, 916 F.3d 307, 311 (4th Cir. 2019);

Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018); Brown v. Comm'r of Soc. Sec. Admin., 873 F.3d 251, 268–72 (4th Cir. 2017). Precedent makes clear that meaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion." Thomas, 916 F.3d at 311 (citing Woods, 888 F.3d at 694). For the Court to meaningfully review an ALJ's RFC assessment, the ALJ "must include a narrative discussion describing how the evidence supports each conclusion." Mascio, 780 F.3d at 636 (citation omitted). Otherwise, the Court is "left to guess about how the ALJ arrived at his conclusions" and cannot meaningfully review them. Id. at 637. Where the Court finds that "inadequacies . . . frustrate meaningful review," remand may be appropriate. Monroe, 826 F.3d at 188 (citation omitted).

Here, the ALJ's decision discusses significant evidentiary support for the RFC assessment but fails to *fully* explain the RFC assessment. The ALJ relied upon the "generally persuasive" opinion of State agency psychological consultant, Hsiao Wen Wang, who determined that "[C]laimant is able to understand, remember, and carry out simple 1-3 step instructions, but may have difficulty with detailed instructions." (Id.). The ALJ noted that the consultant's opinions were "supported by detailed explanation with reference to the record," and were "consistent with the objective findings noted by the . . . psychologist as well as with the claimant's reported activities." (Tr. 28). The ALJ then asserts that she "has further limited the claimant to address her limited ability to deal with stress," but does not provide any more detail regarding the "further limitation." (Id.). The Court find this is harmful to Plaintiff because a limitation to 1-3 step instructions conflicts with the requirements of reasoning level "two" work. All of the jobs cited by the ALJ on step five require a reasoning level of two. Thus, had the ALJ adopted the limitation to 1-3 step instructions, each of the jobs the ALJ cited as the basis for denial of benefits would be precluded. Mahnken v. Comm'r of Soc. Sec, No. 3:21-CV-00349-FDW, 2022 WL 4591804 (W.D.N.C. Sept.

6

29, 2022) (noting inconsistency between claimant's restriction to "one to three step work process[es]" and GED reasoning level two, agreeing there was an apparent conflict between the reasoning level two jobs the ALJ determined claimant could perform and claimant's RFC, and remanding the case).

Despite finding Dr. Wang's opinion "generally persuasive," it is unclear why the ALJ decided to leave out of the RFC a limitation to simple 1-3 step instructions. The ALJ never asserts or explains any rationale for doing so. There is no "accurate and logical bridge," Woods, 888 F.3d at 694, between the relevant evidence and her conclusion regarding instructions. Therefore, the Court finds the ALJ failed to fully explain her RFC assessment, specifically as it relates to the decision to not include a limitation for one-to-three step instructions, and by failing to do so, "frustrate[d] meaningful review." Monroe, 826 F.3d at 188.

In this case, remand is necessary to allow the ALJ to fully explain why she decided to omit a limitation for one-to-three step instructions in Plaintiff's RFC despite finding the State agency psychological consultant's opinion as to Plaintiff's ability to follow instructions "generally persuasive." Upon remand, the ALJ should explain why she omitted this limitation, supporting her determination with specific, articulated facts from the record.

## IV.  CONCLUSION

The Court explicitly notes that in ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not take a position on the merits of Plaintiff's application for disability benefits, nor does the Court express any opinion on whether the ALJ's ultimate decision that Plaintiff was not disabled is correct or incorrect. The Court finds the ALJ's decision deficient for the reasons stated herein, and consequently, that decision as written cannot stand. See, e.g., Newton

v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision[.]" (citations omitted)).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment is hereby **GRANTED**; and the Defendant's Motion for Summary Judgment is hereby DENIED. The ALJ's decision is **VACATED** and **REMANDED** for further proceedings consistent with this **ORDER**.

IT IS SO ORDERED.

Signed: February 11, 2026

Frank D. Whitney
Senior United States District Judge